**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

CASE NO. 11-cr-00231-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    GARY CRIDER,

      Defendant.
_____

**ORDER GRANTING MOTION FOR CLARIFICATION**
_____

On April 20, 2012, this Court sentenced Defendant Gary Crider to a term of imprisonment for thirty-six months followed by three years of supervised release, plus payment of a $100 special assessment and restitution of $6,218.00 to five banks.  (ECF No. 70.)  The Judgment states that payment of the special assessment and restitution obligation "are due immediately. The defendant shall make payment on the restitution obligation that remains unpaid at the commencement of supervised release.  Within 60 days of release from confinement, the defendant shall meet with the probation officer to develop a plan for the payment of restitution."  (ECF No. 73.)

Before the Court is Defendant's First Motion Requesting Clarification of Monetary Penalties Imposed by the Courts and/or Setting of a Payment Schedule.  (ECF No. 76.)  Defendant asks for clarification as to whether he must begin paying his financial obligations on the special assessment and the restitution during his incarceration or whether collection on these amounts will begin after he is on supervised release.  (*Id*.)

In addition to the language set forth above, the Judgment states that "payment of

criminal monetary penalties is due during imprisonment."  Therefore, the Judgment is clear that Defendant is required to make payments on his financial obligations while he is incarcerated.  The mechanisms for making payments, and the payment plan under which Defendant will be required to make payments while he is incarcerated, is governed by the Bureau of Prison's Inmate Financial Responsibility Program.  Under this Program, the Bureau of Prisons will work with Defendant to develop a plan, based on Defendant's particular circumstances, which allows him to begin paying off his financial obligation while incarcerated.  When Defendant completes his sentence of incarceration and is placed on supervised release, his supervising officer will work with him to create a new plan for the payment of any remaining obligation.

Accordingly, Plaintiff's First Motion Requesting Clarification of Monetary Penalties Imposed by the Courts and/or Setting of a Payment Schedule (ECF No. 76) is GRANTED to the extent it seeks clarification of Defendant's obligation to repay his monetary penalties while incarcerated, but DENIED to the extent it asks the Court to set a payment schedule.  While Defendant is incarcerated, any payment schedule must be set by the Bureau of Prisons.

Dated this 3rd day of September, 2013.

BY THE COURT:

William J. Martínez
United States District Judge